### Roger K. DRIVER

v.

### TENNESSEE FARMERS MUTUAL INSURANCE COMPANY.

Supreme Court of Tennessee.

Feb. 4, 1974.

Jude T. Lenahan, Haynes, Smith & Lenahan, Nashville, for complainant-respondent.

Thomas W. Schlater, Taylor, Schlater, Lassiter & Tidwell, Nashville, for defendant-petitioner.

## OPINION

McCANLESS, Justice.

This case arose on a complaint filed by Roger K. Driver for reformation of an automobile liability insurance policy issued by defendant Tennessee Farmers Mutual Insurance Company under the Tennessee Assigned Risk Plan, Section 59–1238, T.C.A.

On October 31, 1968, when he was a minor under Tennessee law, Roger K. Driver purchased an automobile. Because the plaintiff was a minor, and for purposes of easier financing, the car was registered in the name of his father, Pattie L. Driver.

On June 24, 1968, Roger K. Driver and his mother went to the office of Townes Boyd Johnson, a general insurance agent, to apply for automobile liability insurance. Johnson, who was not an agent of the defendant insurance company, informed the plaintiff that any insurance issued to him must be so issued under the Tennessee Assigned Risk Plan. He then prepared an application for insurance which was sent, in accordance with the Assigned Risk Plan, to the Southeastern Compensation Bureau in Birmingham, Alabama.

The application for insurance named Pattie L. Driver as owner and applicant. Roger K. Driver was named as "other operator". The application was signed with the name of Pattie L. Driver by his wife. It read in pertinent part:

"I (We) hereby agree to pay all premiums when due and designate TOWNES BOYD JOHNSON as *producer of record* for this insurance. I (We) understand he is *not acting as an agent of any company for the purposes of this insurance* and has no authority to bind such insurance." (Emphasis added.)

While the policy was in effect, Roger K. Driver was involved in an automobile accident while driving a vehicle other than the one insured under said policy. Under the terms of that policy, Roger K. Driver could recover only if at the time of the accident he was driving the car named in the policy.

Roger thus sued for reformation of the policy in an attempt to make him, rather than his father, the named insured. A decree granting reformation was ordered by the Chancery Court of Davidson County. The Court of Appeals vacated the decree and remanded the cause for purposes of taking further evidence and making amendments as to parties and pleadings. After a hearing on all the evidence, the

Chancellor again ordered reformation of the policy. The Court of Appeals affirmed the decree and we granted the defendant's petition for certiorari.

The basis for the reformation, the plaintiff contended, was the agent Johnson's mistake in making Pattie Driver rather than his son, Roger, the named insured. We agree with the Court of Appeals that a mistake was indeed made. Johnson testified during the trial that the policy was issued *exactly* as he had intended. But he also testified that he intended the insurance to be "for Roger". If Roger had been the named insured instead of his father, he would have been covered under the policy while driving a car other than the one named in the policy. Testimony also showed that Roger paid the premiums due on the policy; that Pattie Driver had his own separate automobile liability insurance policy; that Roger could have been listed as "additional insured" with no extra cost; and that had Johnson made Roger the named insured to begin with, the policy would have been issued and the premiums would have been the same.

■ The mistakes of an insurance agent are attributable to the principal. Vulcan Life & Accident Insurance Co. v. Segars, 216 Tenn. 154, 391 S.W.2d 393 [1965]. The defendant seeks to avoid liability under this theory by arguing that Johnson was not its authorized agent. He was a mere "producer of record", and the insurance company was under no responsibility for his actions, since it had no knowledge of them and gave no authorization for them. Plaintiff argues that Johnson was made an agent of the defendant by virtue of Section 56–705, T.C.A.:

"*Solicitors are agents of the insurer— Licensed fire insurance brokers excepted.*—Any person who shall solicit an application for insurance shall in all matters relating to such application and the policy issued in consequence thereof be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever; but this section shall not apply to licensed fire insurance brokers."

The defendant answers that it was required to issue the policy by virtue of the Assigned Risk Plan, and that Section 56–705, T.C.A., refers only to policies issued voluntarily to the insured through authorized agents. Hannah v. State Farm Mutual Insurance Co., 403 F.2d 375 [6th Cir., 1968].

■ The issue which we ultimately face, then, is whether Section 56–705, T.C.A., applies to insurance companies when they write insurance under the Assigned Risk Plan, thereby making the person who handles the application for such policy the agent of the insuring company.

The defendant insurance company places its greatest reliance on the case of Hannah v. State Farm Mutual Ins. Co., supra. That case holds:

" . . . . that the provisions of T.C.A. § 56–705 are inapplicable in the present case because this statute was intended to apply only when an insurance company has *voluntarily* accepted an application from a solicitor, whether or not its authorized agent, and then has *voluntarily* issued a policy thereon."

■ This Court is not bound by a federal court's interpretation of a Tennessee statute. We note also that, in analyzing Tennessee cases, the United States Court of Appeals found that the Legislature did not intend for Section 56–705, T.C.A., to create an agency relationship where none had existed previously. The cases cited in support of this conclusion, however, all pre-date the enactment of the Tennessee Assigned Risk Plan. While Section 56–705, T.C.A., specifically excludes licensed fire insurance brokers, it does not exclude the Assigned Risk Plan. We must assume that since the Legislature intended to include all transactions within the purview of Sec-

tion 56–705, T.C.A., except those which were specifically exempted, the statute also applies to the Assigned Risk Plan.

The argument of the court's majority in Hannah v. State Farm Mutual, supra, and of the defendant that Section 56–705, T.C.A., applies only to voluntary agent-principal relationships, is not without merit. However, our thinking is more in line with that of the dissenting judge in the *Hannah* case:

"... the insurance company, by availing itself of the opportunity to write insurance in Tennessee, has by operation of law agreed to be bound by the applicable Tennessee statutes.

"An insurance company has no inherent right to do business within a state. This is a privilege bestowed by the state and the privilege may be conditioned upon the company's compliance with reasonable requirements fixed by the state.

.   .   .   .   .   .

"... I find no reason to infer a legislative intent that those companies which participated in the plan should be relieved of conditions imposed by other Tennessee statutes.

"As I understand the majority opinion, it holds that the agency statute—T.C.A. § 56–705—does not apply here because the policy was not written by the company voluntarily. My difference with the majority is that I think the company, by agreeing to participate in the plan as a condition to doing business in the state, did in legal effect agree voluntarily to write this assigned risk policy." Hannah v. State Farm Mutual Ins. Co., at pages 380, 381.

The defendant also argued that the application signed by both the insured and the agent Johnson specifically denied any agency relationship between Johnson and the defendant, and designated Johnson as a "producer of record". Section 56–705, T.C.A., however, specifically provides that

"all provisions in the application and policy to the contrary (of the agency relationship) are void and of no effect whatever; . . . ."

Finally, we observe that the agency statute, Section 56–705, T.C.A., contains no restrictive language, other than a single specific exclusion such that would indicate a distinct legislative intent to bar its application to the Assigned Risk Plan. Traditionally, the statute has been "broadly and liberally construed in favor of the insured." Industrial Life & Health Ins. Co. v. Trinkle, 30 Tenn.App. 243, 204 S.W.2d 827 [1947], cited in T. H. Hayes & Sons v. Stuyvesant Insurance Co., 194 Tenn. 35, 250 S.W.2d 7 [1952].

The Court of Appeals decided this case in favor of the plaintiff, Roger Driver, on basic equitable principles and did not reach the issue which we now decide. The judgment of the Court of Appeals is affirmed.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.