136 N.J. Super. 532 (1975)
347 A.2d 26
ETELVINA ORTIZ, AS GENERAL ADMINISTRATRIX OF THE ESTATE OF CARMELLO ORTIZ, AND INDIVIDUALLY IN HER OWN RIGHT, PLAINTIFF,
v.
SAFECO INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 10, 1975.
*533 Mr. Angelo J. Falciani for plaintiff (Messrs. Falciani & Di Muzio, attorneys).
Mr. Robert Neustadter for defendant (Messrs. Cooper, Perskie, Neustadter & Katzman, attorneys).
*534 MILLER, J.C.C., Temporarily Assigned.
These are cross-motions for summary judgment pursuant to R. 4:46-2. No material fact being challenged, this determination concerns only legal questions of construction of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., commonly called the "No fault" statute.
On April 7, 1973 plaintiff's decedent, Ortiz, was struck and killed by a car owned and operated by one Fratto, defendant's insured. Decedent was crossing the street to reach his own automobile. Ortiz owned a New Jersey registered automobile, but did not have the insurance coverage mandated by N.J.S.A. 39:6A-3.
Defendant Safeco issued a policy covering Fratto and the automobile involved in this accident. This policy includes not only the compulsory benefits required by N.J.S.A. 39:6A-4 but also additional personal injury protection offered under N.J.S.A. 39:6A-10. Plaintiff seeks to recover not only the personal injury protection under N.J.S.A. 39:6A-4 but also the additional personal injury protection under N.J.S.A. 39:6A-10 as well as the additional survival benefit of $10,000 according to paragraph (3) of the insured's policy. Defendant contends that the benefits under N.J.S.A. 39:6A-4 are the only benefits to which plaintiff is entitled, if he is entitled to any benefits at all, and that since plaintiff's decedent did not have insurance required by N.J.S.A. 39:6A-3, neither he nor his survivors are entitled to any benefits from defendant's policy.
The issues presented appear to be ones of first impression.
Defendant seeks to preclude plaintiff's decedent from benefiting under Fratto's policy for failure to have the mandated insurance coverage. In other words, defendant seeks to preclude Ortiz from coverage because of fault under a "no fault" reparations system. To state the problem is to solve it. N.J.S.A. 39:6A-4 provides that:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed *535 by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. (Emphasis supplied).
When the Legislature enacted this statute it had before it the example of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-70(d) which bars a claimant from recovering from the Unsatisfied Claim and Judgment Fund if at the time of the accident his car was not insured. "No fault" legislation was designed to partially excise the fault system from automobile negligence law and provide a certain minimum amount of protection to the public. Harris v. Osorio, 125 N.J. Super. 468 (Law Div. 1973). Stringent penalties are provided for those owners, operators or registrants of an automobile registered or principally garaged in New Jersey who operate an automobile without insurance coverage, such as a fine, imprisonment or both, forfeiture of the right to operate a motor vehicle for a period of one year from the date of conviction and, for a subsequent violation, confiscation of the automobile in question. N.J.S.A. 39:6A-15(b). However, nowhere does the statute provide that one in violation of the New Jersey Automobile Reparation Reforms Act should be precluded from claiming benefits under this act. Defendant desires to impose on plaintiff's decedent a penalty which only the Legislature can provide, and which it has not done.
Safeco relies upon N.J.S.A. 39:6A-8 which provides tort exemption under certain circumstances. It alleges that the quoted language exempts the alleged tortfeasor from tort liability if the injured party does not maintain his *536 own insurance when he is required to do so. Such a construction appears to contravene the statutory scheme. (Of course, there is no question but that the claimant has exceeded the threshold. He is dead.) Safeco's motion to preclude Ortiz from benefits under the statute, and to dismiss the tort suit of Ortiz v. Fratto is denied.
Plaintiff maintains that N.J.S.A. 39:6A-10, providing in part:
Insurers shall make available to the named insured covered under section 4, suitable additional first party coverage for income continuation benefits, essential services benefits, survivor benefits and funeral expense benefits. Income continuation in excess of that provided for in section 4 must be provided as an option by insurers to persons for disabilities * * * [Emphasis supplied],
requires such additional personal injury protection coverage if purchased, must also be construed as applicable to pedestrians referred to in § 4. This is not a plausible interpretation of §§ 10 and 4. Under N.J.S.A. 39:6A-2(g) "named insured" is defined as "the person or persons identified as the insured in the policy, and, if an individual, his or her spouse." Nowhere does § 2(g) define a pedestrian as a "named insured." Nor was any one in the position of plaintiff's decedent defined in Fratto's policy. The precatory language in § 10, referring "to the named insured covered under § 4" is in the singular. If the Legislature had intended § 10 benefits to be made applicable to all the beneficiaries under § 4 personal injury protection coverage, regardless of fault, it would have said so. For the foregoing reasons, plaintiff's decedent is entitled only to § 4 benefits and not the optional benefits provided by § 10.