144 N.J. Super. 506 (1976)
366 A.2d 695
ETELVINA ORTIZ, AS GENERAL ADMINISTRATRIX OF THE ESTATE OF CARMELLO ORTIZ, AND INDIVIDUALLY IN HER OWN RIGHT, PLAINTIFF-APPELLANT,
v.
SAFECO INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1976.
Decided October 14, 1976.
*507 Before Judges LORA, CRANE and MICHELS.
*508 Mr. Louis D. Fletcher argued the cause on behalf of appellant (Messrs. Falciani & Di Muzio, attorneys).
Mr. Robert Neustadter argued the cause on behalf of respondent (Messrs. Cooper, Perskie, Neustadter & Katzman, attorneys).
PER CURIAM.
On cross-motions for summary judgment the trial judge held that plaintiff was entitled to recover survivor benefits under N.J.S.A. 39:6A-4 on account of the death of her husband who, while a pedestrian, was struck and killed by an automobile driven by an assured of defendant insurance company. The judge also held that plaintiff was not entitled to recover additional benefits under N.J.S.A. 39:6A-10. The opinion of the trial judge is reported at 136 N.J. Super. 532. After the filing of that opinion, plaintiff moved for interest and counsel fees. The judge denied the motion for interest but awarded a counsel fee of $250. Plaintiff appeals.
We are in essential agreement with the rulings of the trial judge as expressed in his opinion. We are of the view, however, that he erred in denying interest. N.J.S.A. 39:6A-5(b) provides:
Personal injury protection coverage benefits shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and the amount of the same.
N.J.S.A. 39:6A-5(c) provides that
All overdue payments shall bear simple interest at the rate of ten percent (10%) per annum.
The statutory language is mandatory. The insurer can avoid the payment of interest only where it "has reasonable proof to establish that the insurer is not responsible for the payment. * * *" N.J.S.A. 39:6A-5(b). The allowance of interest is not, as defendant argues, dependent upon the *509 presence or absence of good faith on the part of the insurer. The judgment will be modified to provide for interest to be computed at the rate of 10% from February 22, 1974, which date is 30 days after written notice to defendant insurer was made.
The allowance of the counsel fee was presumably made pursuant to R. 4:42-9(a) (6) which permits such allowances to a successful claimant in an action upon a liability or indemnity policy of insurance. The amount awarded seems at first consideration to be inordinately modest. However, we note that the affidavit of services submitted by plaintiff's counsel did not detail the nature of the services rendered nor set forth the time spent by counsel or paraprofessionals, as is required by R. 4:42-9(b). Under these circumstances we find no mistaken exercise of discretion. Sarner v. Sarner, 38 N.J. 463, 471 (1962).
Paragraph E of the judgment is modified to provide that it is to bear interest at the rate of 10% from February 22, 1974. In all other respects the judgment is affirmed.