149 N.J. Super. 376 (1977)
373 A.2d 1025
DETTA NEMINSKY DE SIMONE, PLAINTIFF,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 18, 1977.
*377 Mr. Thomas J. Vesper for plaintiff (Messrs. Valore, McAllister, Aron & Westmoreland, attorneys).
*378 Mr. Walter F. Gavigan for defendant (Mr. Thomas K.J. Tuso, attorney).
MILLER, J.C.C., Temporarily Assigned.
On September 16, 1975 John DeSimone, brother of Antoinette E. Mendick, was killed while operating a motor vehicle belonging to Mrs. Mendick and loaned by her to him. The vehicle is insured by defendant Nationwide. The policy of insurance contained the statutorily-mandated basic personal injury protection (PIP) coverage and, in addition, an endorsement providing the additional personal injury protection permitted under N.J.S.A. 39:6A-10.
While there was some initial dispute as to whether coverage existed at all, Nationwide now concedes (and, indeed, has paid) the basic benefits to the widow of DeSimone, but contends that the additional benefits, primarily the $10,000 death benefit, is not due. This suit followed and these motions have been made for summary judgment.
There is no question but that plaintiff and her decedent are within the periphery of the policy as to the basic benefits. Ortiz v. Safeco Ins. Co., 136 N.J. Super. 532 (Law Div. 1975). It is the additional benefits endorsement as to which the question arises.
The standard New Jersey basic personal injury protection endorsement distinguishes between the "named insured" and "an eligible injured person". The latter term, by definition, includes the "named insured" or "any relative of the named insured." The "named insured" is defined as "the person or organization named as the insured in the declaration." It is clear that Mrs. Mendick's brother, as a relative, is within the purview of the basic policy, which is why Nationwide paid off. Were this the sole factor, plaintiff would be entitled to recover, but it is not. The "additional benefits" clause contains the following restriction:

SCHEDULE
Item One: Each of the following persons is a Person Insured for Additional Personal Injury Protection Coverage.
*379
 (1) The Named Insured and his spouse if a
 resident of the same household.
 (2) _______________________________________________
 (3) _______________________________________________
It is significant that the endorsement thus contains two spaces whereby the parameters may be extended. Presumably, had Mrs. Mendick desired her brother to be included, she could have done so by inserting his name in one of the spaces.
It is noteworthy that the terms of N.J.S.A. 39:6A-10 restrict the additional coverage to the "named insured covered under section 4 (39:6A-4)" and that this coverage is required to be offered. N.J.S.A. 39:6A-4 refers to the "named insured" and also to other classes of persons. Had the Legislature intended to include all the classes of persons covered in N.J.S.A. 39:6A-4 and in the framework of N.J.S.A. 39:6A-10, it could easily have done so by merely providing that additional coverage should be offered to "persons covered in section 4" by that or similar language. What it did not do directly this court declines to do indirectly.
As one writer puts it:
The Act provides that the "named insured" means the person or persons identified as the insured in the policy. If the named insured is an individual, the spouse of the named insured is considered a named insured. The named insured's name usually appears on the fact sheet of the insurance policy.
One must distinguish between a "named insured" and an "additional insured." The "named insured" is usually the purchaser or the owner of the insurance policy. An "additional insured" or an "insured" is one who is not specifically identified by name in the policy, but enjoys the status of an insured under the named insured's policy, for example, as a result of being the operator of the named insured's automobile.
See Iavicoli, No Fault and Comparative Negligence in New Jersey, § 4 at 24-25 (1973).
Plaintiff is thus entitled to the basic benefits. In addition, she claims the statutory-10% interest from November *380 2, 1975  that is, 45 days from the date of a telephone call from Mrs. Mendick to the company on September 18, 1975. Assuming, as the court is required to do, the truth of the allegations regarding the call, plaintiff's theory is not justified by the statute, N.J.S.A. 39:6A-5(c). This section provides for simple interest at the annual rate of 10% on "overdue payments." N.J.S.A. 39: 6A-5(b) provides that payments are "overdue" if not paid within 30 days after the insured is furnished "written notice of the fact of a covered loss and of the amount of the same." Such "written notice" was first supplied in a letter dated January 14, 1976 and sent to the home office of the company in Columbus, Ohio. Assuming delivery the next day, January 15, 1976, interest would accrue from February 14, 1976, 30 days later, and it is so decided.
Plaintiff next argues that she is the victim of a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. Assuming, without deciding, that the statute applies to the sale of policies of insurance, it does not apply to plaintiff in this case for the following reasons:
1. The thrust of the statute is the commission of
* * * any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent to those rely ... or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled. * * * [Emphasis supplied]
The sine qua non of this statute is fraud  unconscionable, deliberate and knowing fraud. The plain fact is that nothing of this kind has remotely been spelled out in the instant case.
2. Plaintiff may well be the third-party beneficiary of the contract, N.J.S.A. 2A:15-2, but there appears not a scintilla of evidence that any fraud was committed as to her. It was Mrs. Mendick who was the contracting party, not DeSimone, and any fraud would have been committed *381 against her, not DeSimone. No such fraud appears and absolutely nothing has been supplied to apply this statute.
3. The actions of defendant after the accident by no means constituted fraud. It is clear that understandable confusion existed as to whether or not Nationwide was liable at all due to the fact that De Simone did, in fact, own an automobile and presumptively was covered by insurance. N.J.S.A. 39:6A-3. N.J.S.A. 39:6A-5 provides that any payment shall not be determined overdue "where the insurer has reasonable proof to establish that the insurer is not responsible for the payment * * *." It is absolutely clear that defendant had such reasonable doubt and was thus entitled to ascertain to its satisfaction that a valid claim was being presented. In addition, the very fact that the question of the scope of the coverage extended had to be litigated in this very action demonstrates the necessity for question on the part of the company. See Iavicoli, op. cit. § 8 at 33.
Doubts on the part of the company cannot be converted into negligence, no matter how serious the argument. The court finds as a fact that Nationwide (a) was not guilty of any act which constituted a violation of the Consumer Fraud Act, and (b) committed no negligent act.
Summary judgment for Nationwide is granted.