KURT CLENDANIEL, PLAINTIFF-RESPONDENT, v. NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued February 6, 1984—Decided June 18, 1984.

*John Aleli* argued the cause for appellant (*Steedle, Megargee, Youngblood, Franklin & Corcoran,* attorneys).

*Gerald J. Neski* argued the cause for respondent (*Adler, Neski & Garofola,* attorneys).

The opinion of the Court was delivered by

GARIBALDI, J.

This appeal concerns the interpretation of *N.J.S.A.* 39:6A–10 (Section 10) of the New Jersey Automobile Reparation Reform Act (prior to its amendment in January 1982, by *L.*1981, *c.* 533, § 1) (Act). Specifically, the issue here is whether *N.J.S.A.* 39:6A–10 required the insurer to make available to the named

insured additional personal injury protection (PIP) benefits for persons other than the named insured. We hold that the insurer was required to make available additional Section 10 PIP benefits not only to the named insured but also to resident relatives in the household of the named insured. This interpretation of *N.J.S.A.* 39:6A–10, prior to its 1981 Amendment, conforms with the present language of the statute.

I

While a passenger in a car taken without the owner's permission, Kurt Clendaniel (Kurt) was seriously injured in an automobile accident. At the time of the accident, he resided with his parents. Kurt's father, Donald Clendaniel, had an automobile insurance policy issued by New Jersey Manufacturers Insurance Company (NJM) through the New Jersey Assigned Risk Plan. The policy was placed with NJM by Camden A. Trimble for Mr. Clendaniel. The policy, by way of endorsement, provided additional Section 10 PIP benefits only to the named insured, Mr. Clendaniel, and to his wife. Kurt was not listed as an insured for additional Section 10 PIP benefits.

Under Mr. Clendaniel's policy, NJM paid Kurt basic PIP medical expenses pursuant to *N.J.S.A.* 39:6A–4, but disputed Kurt's claim for income continuation benefits due to Kurt's lack of employment. NJM also disputed Kurt's claim for additional Section 10 PIP benefits.

Thereafter, Kurt sued NJM seeking the income continuation benefits and the additional Section 10 PIP benefits. Kurt argued that he was entitled to the Section 10 benefits on one of two alternate grounds. First, he contended that he was insured based on the representation that Trimble allegedly made to Mr. Clendaniel that the entire household would be entitled to the Section 10 benefits. Alternatively, he contended that he was entitled to the benefits because NJM failed to fulfill its statutory duty to make additional PIP coverage for him available to his father, the named insured.

The trial court granted partial summary judgment in favor of NJM, dismissing Kurt's claim for additional Section 10 PIP benefits. The trial court held that Trimble was not an agent of NJM, thereby implying that any alleged representations by Trimble were irrelevant. The court then ruled that NJM had no duty pursuant to *N.J.S.A.* 39:6A–10 to make available additional PIP benefits for Kurt. Thus Kurt was not entitled to Section 10 benefits because the policy in question designated only the named insured, Donald Clendaniel, and his spouse, if resident of the same household, as persons insured for additional Section 10 PIP benefits.

The Appellate Division granted Kurt's motion to appeal, reversed the judgment of the trial court, and remanded the case for further proceedings. 184 *N.J.Super.* 331. The Appellate Division held that *N.J.S.A.* 39:6A–10 required an insurer to make available to the named insured as an option additional PIP benefits for all classes of persons covered under *N.J.S.A.* 39:6A–4, including resident relatives, guest passengers, and pedestrians.

We granted NJM's motion for leave to appeal the interlocutory order of the Appellate Division and summarily remanded the matter to the Appellate Division to reconsider in light of the 1981 amendment to Section 10. 91 *N.J.* 285. After its reconsideration, the Appellate Division again held that prior to the enactment of the amendment, *N.J.S.A.* 39:6A–10 required an insurer to make available additional PIP benefits for all classes of persons covered under *N.J.S.A.* 39:6A–4. 190 *N.J.Super.* 286. Accordingly, the Appellate Division reversed the trial court's judgment and remanded the case to the trial court.

We granted NJM leave to appeal. 95 *N.J.* 201.

## II

 *N.J.S.A.* 39:6A–10 mandates that insurers must provide named insureds with the option of purchasing additional PIP benefits above those required of all motorists under *N.J.S.A.*

39:6A–4. The statement accompanying the original bill in the Legislature states, "The insured may purchase additional coverage if desired." See Statement accompanying A667 (1972). For cases stating this proposition, see *Allstate Ins. Co. v. Skolny,* 86 *N.J.* 112, 114 n. 1 (1981); *Muschette v. The Gateway Ins. Co.,* 76 *N.J.* 560, 564 (1978); *Garden State Fire & Casualty Co. v. Commercial Union Ins. Co.,* 176 *N.J.Super.* 301, 307 (App.Div.1980).

The issue here is whether the Legislature intended that the insurer must offer the named insured the option of obtaining additional Section 10 PIP benefits for persons other than the named insured and, if so, for whom the Legislature intended that such additional coverage must be made available.

The problem arises because the first line of *N.J.S.A.* 39:6A–10 is ambiguous in view of other sections of the Act. Prior to amendment in 1981, *N.J.S.A.* 39:6A–10 required insurers to make available *to the named insured covered under section 4,* suitable additional first-party coverage for income continuation benefits, essential services benefits, survivor benefits and funeral expense benefits. * * * Income continuation in excess of that provided for in section 4 must be provided as an option by insurers to persons for disabilities * * *. [Emphasis added.]

*N.J.S.A.* 39:6A–2 g provides that " '[n]amed insured' means the person or persons identified as the insured in the policy and, if an individual, his or her spouse." *N.J.S.A.* 39:6A–4 provides for payment of basic benefits:

to *the named insured and members of his family residing in his household* who sustained bodily injury as a result of an accident involving an automobile, *to other persons* sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured *and to pedestrians,* sustaining bodily injury caused by the. named insured's automobile or struck by an object propelled by or from such automobile. [Emphasis added.]

While Section 10 is not a model of precision, we find that the scant legislative history from the original Commission Report through the current amended Section 10 indicates that the Legislature's intent always was to extend Section 10 benefits only to the named insured and his or her resident relatives. It

clearly intended to limit the additional Section 10 benefits to a class narrower than that set forth in *N.J.S.A.* 39:6A–4.

In its December 1971 report to the Governor, the Automobile Insurance Study Commission, appointed to study the concept of no-fault insurance, recommended that:

> as a supplement to [mandatory PIP coverage], insurers shall make available *to the named insured and members of his household,* at the latters' option of rejection, *suitable additional (excess) first-party benefits* for loss of income including, in the event of death, a dependent survivor's benefit. [*Reparation Reform for New Jersey Motorists* xvii (emphasis added).]

The most compelling argument for our position is found in the legislative statements accompanying the recently-enacted amendment to *N.J.S.A.* 39:6A–10. The Legislature, recognizing that Section 10 was confusing, sought to clarify it by enacting *L.*1981, *c.* 533, § 1. The amended *N.J.S.A.* 39:6A–10 reads as follows:

> Insurers shall make available to the named insured covered under Section 4, and, at his option, to resident relatives in the household of the named insured, suitable additional first-party coverage * * *. * * * Income continuation in excess of that provided for in Section 4 must be provided as an option by insurers [1] for disabilities * * *. [Footnote added.]

According to the statement of the Senate Labor, Industry and Professions Committee, this change was

> intended to eliminate an inconsistency between sections 4 and 10 of the New Jersey no-fault law. Section 4 provides for basic personal injury protection benefits, including income continuation benefits, essential service benefits, and funeral expense benefits. Section 10 provides for higher benefits in these categories which may be purchased as an option. While section 4 benefits are applicable to the named insured and the members of his family, the statutory language of section 10 is unclear with respect to the applicability of the section 10 benefits to members of the household as well as the named insured. This legislation makes the additional benefits available to both named insureds and members of their families residing in their household. [*Senate Labor, Industry and Professions Committee, Statement to Assembly,* No. 1853, June 25, 1981.]

---

[1] Note that the Legislature also removed the words "to persons" from the statute. The Appellate Division found these words a significant indication that all classes of persons listed in Section 4 were those for whom additional Section 10 benefit coverage must be made available.

This is consistent with Assembly Banking and Insurance Committee, Statement to Assembly, No. 1853, September 29, 1980, which provides:

> This legislation eliminates an inconsistency between sections 4 and 10 of P.L.1972, c. 70 (the "New Jersey Automobile Reparation Reform Act"). Section 4 provides that all basic benefits under Personal Injury Protection coverage are payable to "the named insured and members of his family residing in his household." Section 10 benefits, however, which are optional benefits, are made available to the "named insured," without reference to members of his family. This bill corrects this oversight, making both sections consistent.

Close analysis of the two legislative statements discloses that the Legislature perceived a discrepancy between the beneficiaries included in Section 4 and those included in Section 10. The perception of the Legislature was not that the original statute encompassed the same class of individuals covered under Section 4, but rather that the statute prior to its amendment could be read to limit optional benefits solely to the named insured. The Legislature by its amendment wanted to make clear that it was its intention that benefits be made available to other members of the named insured's household as well as to the named insured.

Our interpretation that the availability of Section 10 optional coverage is for more than the named insured but for fewer than all the persons covered in Section 4 conforms with the general rules of statutory construction. *N.J.S.A.* 39:6A–10 speaks of "named insured covered under section 4." If the statute required the availability of optional benefits for the named insured only, then the phrase "covered under section 4" would be meaningless. On the other hand, if the statute required the availability of optional benefits for all persons covered under section 4, then the phrase "named insured" would be superfluous because named insureds are covered under section 4. These interpretations therefore cannot be accepted because "construction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided." *Abbotts Dairies, Inc. v. Armstrong*, 14 *N.J.* 319, 328 (1954) (quoting *Hoffman v. Hock*, 8 *N.J.* 397, 406 (1952)).

Further, a careful reading of Section 4 offers additional support for our conclusion. The commas and the word "to" disclose that the persons covered under Section 4 are divided into three categories of persons: (1) "the named insured and members of his family residing in his household"; (2) "other persons * * * occupying the automobile of the named insured or * * * using such automobile with the permission of the named insured"; and (3) "pedestrians." Reading the statute this way suggests that by "named insured covered under section 4" the Legislature meant the section 4 category of which the named insured was a member. In other words, the Legislature intended to require that insurers offer the named insured the option of obtaining additional coverage for the named insured and the resident relatives of the named insured's household.

This conclusion also accords with the realities of insurance. We cannot discern any valid policy reason why the Legislature would require insurers to make available for purchase additional coverage for the policyholder and his and her spouse without giving the named insured the right to obtain added protection for his resident relatives.

Section 4 benefits are mandatory. Section 10 benefits, however, are optional. To obtain additional coverage under Section 10, the insured must pay an additional premium. Unlike the Appellate Division, we cannot discern any valid reason why the named insured would want to pay extra premiums to provide additional benefits for a guest passenger or an unknown pedestrian.

Our conclusion is also supported by the courts that considered this exact issue prior to the Appellate Division's decisions in this case and in *Ackert v. Keystone Auto. Ins. Co.*, 96 *N.J.* 372 (1984), which we also decide today. In *Ortiz v. Safeco Ins. Co.*, 136 *N.J.Super.* 532, 536 (Law Div.1975), modified on other grounds, 144 *N.J.Super.* 506 (App.Div.1976), the trial court held that Section 10 benefits were not available to a

pedestrian. In *DeSimone v. Nationwide Mut. Ins. Co.*, 149 *N.J.Super.* 376, 379 (Law Div.1977), the court held that additional section 10 PIP benefits were not available to "persons covered in Section 4" but only to "named insured covered under section 4." Accordingly, benefits were denied a brother of the named insured. While it is not clear, it appears that the brother was not a resident relative. The court noted that the insurance policy left clearly marked spaces in which the names of people could be added for Section 10 coverage, making them named insureds. *Id.* However, the relative in *DeSimone*, as here, had not been designated as an additional named insured. In both *Ortiz, supra,* 136 *N.J.Super.* at 536, and *DeSimone, supra,* 149 *N.J.Super.* at 379, the court emphasized that if the Legislature had intended Section 10 benefits to be applicable to all the beneficiaries under Section 4 PIP benefits, it would have said so.

### III

Before this Court, NJM asserts that, as was its policy, it made available as an option to Mr. Clendaniel additional Section 10 PIP benefits for Kurt. But NJM claims that Mr. Clendaniel never requested that coverage for Kurt. The trial court never reached this issue. On the record before us, we cannot determine whether NJM actually made additional Section 10 PIP benefits available for Kurt. Accordingly, we remand this case. On remand, if the trial court determines that NJM failed to offer this coverage and that Kurt therefore is entitled to the additional Section 10 PIP benefits from NJM, then it must reform the policy and provide that Mr. Clendaniel pay the additional premiums for the denied coverage.

We also note that Kurt asserted that he was insured based upon representations Trimble allegedly made to Mr. Clendaniel that the entire household was covered under the policy for additional Section 10 PIP benefits. NJM responds that Trimble never made the representation and that even if he did, he was

not an agent of NJM but merely a producer who placed the policy with NJM under the New Jersey Assigned Risk Plan. Trimble was not named in the suit and never was a witness, so there are insufficient facts on this record to determine whether Trimble was in fact the producer of the policy and what his relationship with NJM was. If he were the producer of the policy, absent actual authorization and absent such acts as would clothe him with indicia of authority to act for the insurer, Trimble, as the producer of an assigned risk policy is the agent of the insured and not of the insurer. *Pearson v. Selected Risks Ins. Co.*, 154 *N.J.Super.* 240, 246 (Law Div.1977); *accord Yoshida v. Liberty Mut. Ins. Co.*, 240 *F.*2d 824, 828 (9th Cir.1957); *Iowa Nat'l Mut. Ins. Co. v. Richards*, 229 *F.*2d 210, 212 (7th Cir.1956); *Graham v. Insurance Co. of N. Am.*, 562 *F.Supp.* 134, 137–38 (D.V.I.1983); *Manufacturers Casualty Ins. Co. v. Hughes*, 229 *Ark.* 503, 509, 316 *S.W.*2d 827, 833 (1958); *Employers' Casualty Co. v. Mireles*, 520 *S.W.*2d 516, 521 (Tex.Civ.App.1975). If the trial court concludes that Mr. Trimble made such representations and is a producer, we express no opinion as to whether the Clendaniels might have a cause of action against Trimble.

## IV

We conclude that the Legislature intended that *N.J.S.A.* 39:6A–10, prior to its 1981 amendment, required an insurer to offer to the named insured the option of purchasing additional Section 10 PIP benefits only for the named insured and resident relatives residing in the named insured's household. Unlike the Appellate Division, we do not believe that the Legislature intended to extend Section 10 coverage to all classes of persons covered by Section 4.

Consequently, we affirm in part and reverse in part the judgment of the Appellate Division, and remand the matter to the trial court for proceedings consistent with our opinion.

SCHREIBER, J., concurring.

I believe the Legislature said what it meant and meant what it said when it enacted *N.J.S.A.* 39:6A–10 to require an insurer to "make available to the named insured covered under section 4, suitable additional first-party coverage for income continuation benefits, essential services benefits, survivor benefits and funeral expense benefits."

Section 4 (*N.J.S.A.* 39:6A–4) had four groups of beneficiaries: (1) named insured; (2) members of his family residing in his household; (3) occupants or authorized drivers of the named insured's automobile; and (4) pedestrians injured by the named insured's automobile. As written, section 10 granted an option only to the named insured under section 4. Although one can argue, as the majority does, that this interpretation would make the phrase "covered under section 4" surplusage, the legislative intent is abundantly clear.

The option granted to the named insured (which is defined in *N.J.S.A.* 39:6A–2g to include the spouse) was to purchase additional insurance for the insured identified in the policy by name and for the insured's spouse. This accords with the interpretation of the Commissioner of Insurance. *N.J.A.C.* 11:3–7.7, Appendix A, August 17, 1979, superseded by 14 *N.J.R.* 543(b), eff. August 16, 1982.

The Legislature acknowledged the difference between sections 4 and 10 and amended section 10 to permit the insured to have the option of additional coverage not only for himself, but also for the second category in section 4—resident relatives in the household. *L.*1981, *c.* 533 reads: "Insurers shall make available to the named insured covered under section 4, *and, at his option to resident relatives in the household of the named insured,* suitable additional first-party coverage * * *." (Emphasis added). As the Senate Labor, Industry and Professions Committee wrote, the 1981 amendment was intended "to eliminate an inconsistency between sections 4 and 10 of the * * * law."

Of course, the defendant insurance carrier could voluntarily offer additional coverage under its policy beyond the statutory requirement. Whether it did, whether that offer was accepted, and whether any acceptance was transmitted to the defendant were issues unresolved on the defendant's motion for summary judgment. Therefore, a remand is in order to resolve those questions.

SCHREIBER, J., concurring in the result.

*For affirmance in part; reversal in part and remandment* —Chief Justice WILENTZ and Justices SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—6.

*Opposed* —None.