JAMES B. ACKERT, GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JAMES W. ACKERT, DECEASED, AND INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. KEYSTONE AUTOMOBILE INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 6, 1984—Decided June 18, 1984.

*Steven E. Feld* argued the cause for appellant (*Schuenmann & Gercke*, attorneys).

*William Harris Tobolsky* argued the cause for respondent.

The opinion of the Court was delivered by

GARIBALDI, J.

Like the companion case of *Clendaniel v. New Jersey Mfrs. Ins. Co.*, 96 *N.J.* 361 (1984), decided today, this matter raises the issue of whether *N.J.S.A.* 39:6A–10, prior to its amendment in January 1982 by *L.*1981, *c.* 533, § 1 required an insurer to make available additional personal injury protection (PIP) benefits for persons other than the named insured. Specifically, the issue is whether additional PIP benefits under Section 10 must be made available for a guest passenger. ·

James Ackert, Jr. died as a result of injuries sustained in a car accident, while a passenger in a car owned by Russell

Jaggard, Jr. and driven by Jaggard's son, Stephen. James, Jr.'s father, James Ackert, Sr., collected the basic PIP benefits available under his own Allstate Insurance Company automobile insurance policy. He had not elected to purchase any additional Section 10 PIP benefits from Allstate for himself or his resident relatives.

Subsequently, Mr. Ackert sued Keystone Insurance Company, Jaggard's insurer, alleging that Keystone had violated *N.J.S.A.* 39:6A–10, prior to its 1981 amendment, by not giving its named insured the option of purchasing additional Section 10 PIP benefits for a guest passenger. Keystone admits that it did not offer to Jaggard, its named insured, additional Section 10 PIP benefits for guest passengers. Jaggard, like Ackert, in his automobile insurance policy from Keystone had not elected any additional Section 10 PIP benefits under *N.J.S.A.* 39:6A–10 for himself or his resident relatives.

The trial court granted Keystone's motion for summary judgment on the grounds that additional PIP benefits under Section 10 are restricted to the "named insured." The Appellate Division reversed and remanded, holding that additional Section 10 PIP benefits extended to resident relatives of the named insured. After Keystone pointed out that James, Jr. was not Jaggard's resident relative, the Appellate Division granted Keystone's motion for a rehearing. After a rehearing, the Appellate Division issued a revised opinion, holding that additional Section 10 PIP benefits extended not only to resident relatives but also to guest passengers, like James, Jr. We granted certification. 95 *N.J.* 196 (1983).

For the reasons more fully discussed in our opinion issued today in *Clendaniel v. New Jersey Mfrs. Ins. Co., supra,* 96 *N.J.* 361, we reverse the Appellate Division. There we held that *N.J.S.A.* 39:6A–10, prior to its amendment, required the insurer to make available to its named insured the option of securing additional personal injury protection benefits only for the named insured and for resident relatives in the named insured's

household.  Accordingly, Keystone did not have to make available to Jaggard the option of purchasing additional personal injury protection benefits under *N.J.S.A.* 39:6A–10, for James, Jr., a guest passenger.

Reversed.  No costs.

SCHREIBER, J., concurring in the result.

*For reversal*—Chief Justice WILENTZ and Justices SCHREIBER, HANDLER, POLLOCK, O'HERN and GARI-BALDI—6.

*For affirmance*—None.