Defendants should present an appropriate order in accordance with this opinion.

WALTER KUZAN, PLAINTIFF, v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided April 25, 1984.

*Critchley & Roche,* attorneys for plaintiff.
*Breslin, Herten & LePore,* attorneys for defendant.

deCORDOVA, J.S.C.

This matter comes before the court on an agreed statement of facts. Plaintiff seeks recovery of additional income-continuation benefits derived from a new policy issued in January 1983 to Patricia Graziano, the named insured, numbered 253X483042, by defendant Prudential. Plaintiff claims as driver of the named insured's vehicle.

The parties agree that the applicable law is the New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 *et seq.*

Plaintiff contends that § 10 extends coverage to him for additional income-continuation benefits elected by Graziano the named insured. The court rejects plaintiff's contention and grants judgment for defendant for the reasons that follow.

Plaintiff's contention is another step in the effort to plumb the legislative intent and interplay of provisions, necessitated by an apparent inconsistency between § 4 and § 10 of the originally enacted law. Commentators noted the problem both at the time of passage, and shortly thereafter, and suggested that this was a decision point likely to produce litigation. *See, e.g.,* Guiney, "New Jersey No-Fault Trends 1975," 11 *Forum* 129, 131 (1975); *Iavicoli, No Fault and Comparative Negligence in New Jersey* (1973) at 29–30. Iavicoli's particular position was that the practice in New Jersey conflicted with the legislative intent of the act. Policy writers consistently wrote policy provisions under the additional personal injury protection endorsement covering only the named insured and members of the family residing in the household of the named insured while Iavicoli contended the Legislature intended the beneficiary class to be coextensive with those named in § 4. *Ibid.; compare N.J.S.A.* 39:6A–4 with 39:6A–10.

The first judicial expression of the legislative intent of the act came in *DeSimone v. Nationwide Mutual Insurance Co.*, 149 *N.J.Super.* 376 (Law Div.1977) in which the court read the act's lack of congruence between §§ 4 and 10 as an expression of intent to limit the class named in § 4 to a much more narrow group, *i.e.*, the named insured alone. The holding of *DeSimone* in this sense was more restrictive than the general practice referred to above.

Judge Botter, writing for a unanimous Appellate Division panel in *Clendaniel v. New Jersey Manufacturers Insurance Co.*, 190 *N.J.Super.* 286, 288 (App.Div.1983), specifically overruled the holding of *DeSimone* construing the intent of the act, as originally enacted, as making § 10 beneficiaries co-extensive with those named in § 4:

> In our view the first sentence of Section 10 did not intend to limit the additional benefits to the named insured. It required the insurer to make the additional coverage as an option to the named insured because this is the only person with whom the insurer has dealings. [at 291]

*Clendaniel* is a holding of limited relevance to the facts of the matter before this court. The court specifically finds that § 10 of the act, as amended by *L.*1981, *c.* 533, § 1, *N.J.S.A.* 39:6A–10, applies to this complaint. The *Clendaniel* holding is limited to reading the intent and coverage of § 10 prior to the amendment. *Id.* at 288 n. 1. The *Clendaniel* court did consider the amended statute and its construction of the amendment deserves great respect, although it is clearly not authority for the point. The matter before the court in *Clendaniel* was heard on remand after certification by the Supreme Court for consideration in light of an amendment to the statute. 91 *N.J.* 285 (1982). Judge Botter carefully analyzed the provision and declared that the amendment does indeed narrow the class of those who are beneficiaries of the elected additional coverage.

> Thus, we conclude, the Legislature did more than clarify the law. Section 10 no longer borrows the entire class of beneficiaries from Section 4, nor does it limit coverage to named insureds only, as defendant contends Section 10 originally intended. [190 *N.J.Super.* at 298; dictum]

This court adopts the construction of the amendment given by Judge Botter.

The amended § 10 must be deemed to apply to the facts as presented by the parties. Plaintiff Kuzan had an accident on or about January 24, 1983 for which he claims coverage. The claim is based on rights under a new policy issued January 16, 1983 to the named insured. Section 10, as amended by *L.*1981, *c.* 533, § 1, became fully effective according to its effective date by the adoption of rules amending *N.J.A.C.* 11:3–7.3, 14 *N.J.R.* 543, approved at 15 *N.J.R.* 917(d), *R.*1982d. 246. The effective date sections of the amendment, *L.*1981, *c.* 533 § 3 provides:

> This act shall take effect immediately and apply with respect to all policies issued, delivered or renewed on or after 90 days from the date on which the form described in section 2 is promulgated by the Commissioner of Insurance.

The regulations and form implementing the act were adopted on or before August, 1982. *See* 15 *N.J.R.* 917(d), *R.*1982d. 246.

The policy issued in January, 1983 requires application of the act, as amended, to these facts.

It remains for this court to construe the amended provisions of the act.

Plaintiff suggests this court must read *N.J.S.A.* 39:6A–10 *in pari materia* with *N.J.S.A.* 39:6A–4. In this context the maxim states everything and nothing at once. The reasoning virtually quotes *Clendaniel*. 190 *N.J.Super.* 286 at 288–89. Significantly, that court's holding considers the text of the act prior to the 1982 Amendment. *Id.* at 288. Plaintiff in his brief incorrectly states that the disposition of *Clendaniel* was a reversal and remand "due to the new language added to Section 10." *Id.* at 288. Therefore, the maxim is really inapplicable and its equal opposite that statutes are not *in pari materia* if the scope and aim are distinct and where the Legislature expresses a design departing from the statute to which it refers suggests itself. This points out the evanescence of maxims generally and the need to always proceed in a principled argument.

Probing legislative intent here is not difficult. The original intent of the act is ambiguous. Factually plaintiff Kuzan's position is distinct from that of *Clendaniel*. *Ibid.* (claiming as resident in household of father). Plaintiff claims as a driver with permission. Plaintiff is neither a relative nor a resident of the named insured's household. The narrow holding of *Clendaniel* therefore is that a resident relative in the household of the named insured is extended coverage under § 10 for additional benefits. The dictum on the broader point that § 10 is coextensive with the beneficiary group in § 4, is very reasonable, if not compelling, considering some of the background to passage of the act. See *e.g.,* "Reparation Reform for New Jersey Motorists" Report to the Governor and the Legislature, Recommendation 9 which provided:

> [I]nsured shall *make available* to the named insured and members of his household, at the latter's option of rejection, suitable additional (excess) first

party benefits for loss of income including, in the event of death, a dependent survivor's benefit.

*Purpose:* The recommended mandatory PIPC benefits (Section 1.0) provide all insured persons, without regard to fault, a floor of security. For those motorists who desire a greater degree of first party insurance protection and are willing to pay an additional premium charge, excess loss coverage should be made available. [*Iavicoli, supra* at 211; emphasis supplied]

The decision in *Clendaniel* likely resolved the doubt about the meaning of former § 10. The committee's recommendation suggests that at least on the facts before this court a contrary result was conceivable.

With amendment, § 10, although still problematic in its wording, changed the scope of coverage. Whatever the motivation for amendment, a legislative overrule of the very restrictive holding of *DeSimone* suggests itself, the statute now accords with the industry's reading of the act, and also the recommendation of the study committee. *See Guiney, supra* at 131; *Iavicoli, supra* at 29–30, 211. Plaintiff's suggestion that the amendment produced no change stands directly contrary to Judge Botter's *dictum* in *Clendaniel* and the statement reporting the bill.

██ The statement of the bill was criticized in *Clendaniel* in passing by Judge Botter as misleading but can be harmonized with the enactment if seen as reporting on a *pro tanto* legislative overrule of *DeSimone* which became ambiguous only with the change in *status quo ante* by the decision in *Clendaniel*. It is clear that plaintiff Kuzan was not a specifically designated insured under a special personal injury endorsement by the named insured and under this court's reading of § 10 is not an additional insured under the provisions of § 10. The statement of the bill names particular possible beneficiaries. Prudential offered additional coverage beyond the mandatory additional coverage required but only on an inquiry basis. Finally, the availability of both the required additional coverage in § 10 and this supplemental coverage are conditioned on payment of additional premiums which accords with the statement of the bill.

Plaintiff's claim for relief is denied and judgment is instead granted for defendant on this court's finding that plaintiff is not within the beneficiaries named in amended § 10.