185 N.J. Super. 205 (1982)
447 A.2d 1356
QUENTIN COLANGELO, PLAINTIFF,
v.
BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK AND STATE FARM INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided February 25, 1982.
*206 Richard E. McMahon for plaintiff (Console, Marmero & LiVolsi, attorneys).
Salvatore A. Alessi for defendant Bankers & Shippers Insurance Company (Bleakly, Stockwell & Zink, attorneys).
David B. Wright for defendant State Farm Insurance Company (Garrigle & Chierici, attorneys).
*207 LOWENGRUB, J.S.C.
This is a declaratory judgment suit for uninsured motorist coverage wherein defendants deny coverage on the grounds that the alleged no-contact, hit-and-run accident occurred in Pennsylvania and because plaintiff failed to give timely notice of the accident, as required by the policies. The validity of the policy provisions limiting uninsured motorist coverage to accidents occurring in New Jersey is a question heretofore undecided in this State.
On July 25, 1979 plaintiff was operating a tractor-trailer in Chester County in Pennsylvania while in the course of his alleged employment[1] by Alert Motor Freight of Burlington County, New Jersey. The tractor, which was owned by Delran Equipment Rental Inc., of Burlington County, New Jersey, and licensed to Alert Motor Freight, was being used in conjunction with a trailer owned by Alert. While thus engaged, plaintiff was involved in a one-vehicle accident when his truck ran over pieces of metal which allegedly fell from a vehicle proceeding ahead of, and in the same lane, as plaintiff's vehicle. A tire was punctured, causing plaintiff to lose control of his tractor-trailer and to strike a metal guard rail and a cement bridge abutment. Plaintiff cannot identify the vehicle from which the metal pieces allegedly fell; in fact, plaintiff must ultimately establish that the metal was on the roadway as a result of the use, operation or maintenance of a motor vehicle. Plaintiff alleges that he sustained personal injuries resulting from the accident.
At the time of the alleged accident, defendant Bankers and Shippers insured Delran, and State Farm insured plaintiff. Both motor vehicle policies contained an uninsured motorists clause as follows:
The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *208 uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
State Farm and Bankers and Shippers, in addition to denying coverage, objected to a demand for arbitration.
The parties have stipulated through counsel that plaintiff did not report the accident to either insurance company within 30 days of the date of the accident of July 25, 1979, nor did he furnish them with a verified statement of a claim for damages arising out of the accident. By letter dated April 1, 1980 plaintiff's counsel advised both defendants of the existence of a claim for uninsured motorist benefits. Thereafter, neither defendant requested either a statement under oath or an opportunity to inspect the damaged vehicle.
The uninsured motorist endorsements attached to both policies are virtually identical. Paragraphs 4 thereof provide:
This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.
The policy language is consistent with N.J.S.A. 17:28-1.1, which provides in part:
No automobile liability policy ... of insurance insuring against loss ... sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued in this state with respect to any motor vehicle registered or principally garaged in this state unless it includes coverage ... under provisions approved by the Commissioner of Insurance ... for payment of all or part of the sums which the insured ... shall be legally entitled to recover as damages from the operator of a (n) ... hit and run automobile as defined in ... (C. 39:6-78), ... sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such ... hit and run automobile anywhere within the United States or Canada.
Both policies provide as definition of a "hit and run" vehicle the following:
Hit and run vehicle means (1) a highway vehicle which causes an accident resulting in bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the *209 time of the accident, or (II) a highway vehicle which without physical contact with the insured or with a vehicle which the insured is occupying at the time of the accident causes bodily injury to an insured arising out of an accident in New Jersey....
The policy provision limiting coverage to accidents occurring in New Jersey only arises if the accident results from a no-contact, hit-and-run incident. If there is physical contact with the hit-and-run vehicle, there is no policy limitation restricting coverage to accidents occurring in New Jersey.
At the outset it should be noted that there is no supporting statutory authority for the territorial limitation in no-contact, hit-and-run accidents. An insurer may not afford less coverage than that mandated by the Legislature; its terms may be more liberal than those which the statute dictates, but not more restrictive. Pasterchick v. Insurance Co. of North America, 150 N.J. Super. 90 (App.Div. 1977); State Farm v. Zurich Am. Ins. Co., 62 N.J. 155, 170 (1973).
The approval of the form of the policy by the Commissioner of Insurance, while helpful in determining compliance of the policy with the legislative mandate, is not determinative of compliance with the statute. Where a policy provision conflicts with the coverage required by statute, it is inapplicable and is deemed amended to conform to the statutory standard. Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974); Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249 (App.Div. 1979).
Insurance is an instrument of a social policy that victims of negligence be compensated. Cooper v. Government Employees Ins. Co., 51 N.J. 86 (1968). To that end companies are franchised to sell policies of insurance to compensate those persons insured who suffer an injury resulting from a covered accident. In a policy of automobile liability insurance the minimal coverage to be afforded in an uninsured motorist endorsement is delineated by the statute, N.J.S.A. 17:28-1.1
The provision limiting coverage under the uninsured motorist endorsement in no-contact, hit-and-run accidents to accidents *210 which occur in New Jersey imposes more restrictive coverage than that approved by the Legislature. The statute does not contemplate piecemeal withering away of liability by a territorial limitation for injuries caused by hit and run motorists. Such piecemeal whittling away of liability is against public policy. Widiss, A Guide to Uninsured Motorists Coverage (Supp. 1981), § 2.13 at 55; California Cas. Indem. Exchange v. Steven, 5 Cal. App.3d 304, 85 Cal. Rptr. 82, 83-84 (D.Ct.App. 1970). N.J.S.A. 17:28-1.1 expressly states that uninsured motorist coverage must be provided for injuries caused by an accident with a hit-and-run automobile "anywhere within the United States or Canada."
Accordingly, I find that the policy provision predicating uninsured motorist coverage upon the happening of an accident in New Jersey where there is no physical contact arising out of a hit-and-run accident to be void as violative of N.J.S.A. 17:28-1.1.
Defendants also allege that plaintiff's failure to file the requisite statement under oath within the time prescribed in the policy prohibits coverage.
The policies provide:
The insured or someone on his behalf shall have filed with the company within 30 days [after the accident] a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof.
The parties have agreed that the first notice of the accident was given by plaintiff's counsel to each insurance company eight months after the happening of the accident. The notification was included in a claim for uninsured motorists benefits.
No testimony has been taken in this case. Defendants urge that the failure of compliance with the requirements of the notice provision is sufficient to deny coverage as a matter of law. I do not agree.
Whether the failure of the insured to comply with the notice provision of an uninsured motorist endorsement in an *211 automobile liability policy is sufficient to deny coverage depends upon the effect of the breach on the insurer. The question to be resolved is whether the insurer will be likely to suffer appreciable prejudice by the insured's failure to provide timely notice. The burden of showing such prejudice is upon the insurer. Cooper v. Government Employees Ins. Co., 51 N.J. 86, 94 (1968); Conklin v. Heymann, 124 N.J. Super. 227, 232 (Law Div. 1973); Morales v. National Grange Ins. Mut. Co., 176 N.J. Super. 347 (Law Div. 1980).
Accordingly, the matter is to be referred to arbitration. If it is determined there that the accident was caused by a hit-and-run vehicle and an award of damages is made, then the matter will be returned to this court for a determination as to the respective liability of each insurer.
NOTES
[1] This matter is before the court on motion and as yet the parties have not agreed as to the identity of plaintiff's employer. The issue, however, is not relevant to the disposition of the legal issues above stated.