198 N.J. Super. 214 (1985)
486 A.2d 932
IN THE MATTER OF SUSSEX COUNTY MUNICIPAL UTILITIES AUTHORITY.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1984.
Decided January 18, 1985.
*215 Before Judges FRITZ, GAULKIN and LONG.
Edward J. Buzak argued the cause for appellant, Sussex County Municipal Utilities Authority (Edward J. Buzak and Valerie K. Bollheimer, on the brief).
*216 Lewis A. Scheindlin, Deputy Attorney General, argued the cause for respondent, Civil Service Commission (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Lewis A. Scheindlin, on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This appeal requires a determination of the narrow question as to whether a county municipal utilities authority is subject to the statutory provisions governing civil service. The Civil Service Commission, affirming a determination of the Director of the Division of Local Government Services, answered this inquiry in the affirmative. The Authority appeals, asserting that proper interpretation of N.J.S.A. 40:14B-1 et seq., the municipal and county utilities authorities law, removes such authorities from the civil service umbrella. It argues further that the provisions of N.J.S.A. 11:1-1 et seq., the civil service law, "cannot be made applicable to the ... Authority as a consequence of the Authority's relationship to the County of Sussex." We now affirm.
The competing entities here are both creatures of statute. In such case it is our obligation to discern the intent of the Legislature  the only source of the authority of each  respecting the question at hand and on that basis announce our conclusion. The standards and guidelines for statutory construction are myriad and have been the subject of as many notable opinions as there are individual canons. One postulate stands out among all these: If the intention of the Legislature is apparent from the words used, i.e., the plain meaning of the statute involved, then the statute is not open to construction or interpretation, "and to do so in a case where not required is to do violence to the doctrine of the separation of powers." Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956).
*217 We are persuaded that that injunction applies here. We are convinced that the words used by the Legislature in N.J.S.A. 40:14B-18 clearly manifest an intent that, other than with respect to those specifically excepted thereby, appointees and employees of utilities authorities should be subject to the provisions of the civil service statutes.
The cited statute is as follows:
40:14B-18. Election of officers; appointment of employees
Every municipal authority, upon the first appointment of its members and thereafter on or after February 1 in each year, shall annually elect from among its members a chairman and a vice-chairman who shall hold office until February 1 next ensuing and until their respective successors have been appointed and have qualified. Every municipal authority may also appoint and employ, full- or part-time, without regard to the provisions of Title 11 of the Revised Statutes, a secretary, an executive director, managerial personnel, technical advisers and experts, professional employees, and persons who shall render professional services as set forth in section 5 of P.L. 1971, c. 198 (C.40A:11-5) as the authority may determine necessary for its efficient operations, and it shall determine their qualifications, terms of office, for periods not to exceed 5 years, duties and compensation and enter into contracts therefor, for periods not to exceed 5 years, as it deems necessary. Such municipal authority may also appoint and employ such other agents and employees as it may require and determine their duties and compensation. The provisions of this section with regard to terms shall not apply to the positions of general counsel and consulting engineer.
Had the Legislature intended that the utilities authorities were in no wise to be subject to the civil service laws, language exempting certain positions from "the provisions of Title 11 of the Revised Statutes" would have been unnecessary and would be superfluous. Without particular regard for the honored maxim inclusio unius est exclusio alterius we note with respect the established proposition that "legislative language must not, if reasonably avoidable, be found to be inoperative, superfluous or meaningless." Hackensack Bd. of Ed. v. Hackensack, 63 N.J. Super. 560, 569 (App.Div. 1960). Accord, Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969); Hoffman v. Hock, 8 N.J. 397, 406-407 (1952). It is obvious to us that the Legislature intended that except for certain described positions, "the provisions of Title 11 of the Revised Statutes" should apply, otherwise the proscribed superfluity would exist.
*218 In view of this manifestation of legislative intent in the words of the particular statute, we need not discuss further the argument of the Authority that the relationship between it and Sussex County, which has adopted civil service pursuant to referendum, is insufficient in itself to obligate the Authority. Our review of the cases cited by the Authority and by the Attorney General on behalf of the Civil Service Commission, such as Atlantic Community College v. Civil Service Commission, 59 N.J. 102 (1971) and State v. Parking Authority of the City of Trenton, 29 N.J. Super. 335 (App.Div. 1954), persuades us only that these cases turn on the statutes involving the particular agency concerned. While general principles appear, none of these is final authority respecting statutes not there concerned. Only review of the enabling legislation is sufficient to lead to an understanding of that which the Legislature intended for that agency. Accordingly, we are also satisfied that the mere political association between a municipal or county agency and the parent municipality is insufficient to impose on the agency the civil service obligation of the parent, in the face of legislation structuring the agency which appears to be to the contrary. It is apparent from the brief of the Attorney General that the Civil Service Commission does not disagree with that postulate. There the following statement appears, supported by a citation of Atlantic Community College v. Civil Service Commission, supra: "Thus, the critical question is not whether the [Authority] is an agency of a county that is under Civil Service law, but instead whether the Legislature intended Civil Service to apply to the [Authority]."
We also lay to rest any suggestion that our determination is founded on the argument of the Civil Service Commission that, pursuant to State v. Clark, 15 N.J. 334 (1954), the civil service law should be given a broad construction to bring employees within its operation. It is clear, at least in New Jersey, that beneficence in the purposes of a remedial statute does not warrant liberality in construction which ignores the plain meaning of the language employed by the Legislature. *219 Wormack v. Howard, 33 N.J. 139, 142-143 (1960). As is there borrowed from Dixon v. Gassert, 26 N.J. 1, 9 (1958) and iterated, "It is not our function to legislate; it is our duty to interpret. And in doing so we must give effect to the language employed by the legislative body in order to properly effectuate the legislative design."
Affirmed.