BOARD OF EDUCATION OF THE CITY OF ORANGE TOWNSHIP, PLAINTIFF–RESPONDENT, v. ROBERT L. BROWN, ET AL., DEFENDANT–APPELLANT.

ROBERT L. BROWN, ET AL., PLAINTIFF–APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF ORANGE TOWNSHIP, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 25, 1989—Decided May 17, 1989.

Before Judges ANTELL and DREIER.

*Larry L. Johnson*, Asst. City Atty., argued the cause for plaintiff-appellant, defendant-appellant Brown (*Michael Critchley*, Orange City Attorney, attorney; *Larry L. Johnson*, on the brief).

*Stephen J. Edelstein* argued the cause for defendant-respondent, plaintiff-respondent Board of Education of Orange (*Schwartz, Pisano, Simon, Edelstein & Ben-Asher*, attorneys; *Lawrence S. Schwartz* and *Stephen J. Edelstein*, on the brief).

A brief was submitted on behalf of the New Jersey Department of Education (*Peter N. Perretti, Jr.*, Attorney General of New Jersey, attorney; *Lewis A. Scheindlin*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

ANTELL, P.J.A.D.

In these consolidated appeals the Mayor of the City of Orange Township asks us to reverse two orders of the Law

Division dated January 19, 1989. The first was granted on application of the Board of Education of the City of Orange Township (Board) and voided the Mayor's appointments of Thelma B. Smith and Judith Gordon to the Board of Education. The second denies the Mayor's application for an order dismissing the Board's action which was made on the ground that suit was authorized by a resolution passed by the Board in violation of the Open Public Meetings Act, *N.J.S.A.* 10:4–6 et seq.

█ On December 6, 1988, the City of Orange Township enlarged its Board of Education from five to seven members as authorized by *N.J.S.A.* 18A:12–6, and on January 1, 1989, the Mayor appointed Smith and Gordon to fill the two new positions. The City of Orange Township is a city of other than the first class, and its school district is a Type I district. *N.J.S.A.* 18A:12–8 states that "[i]n [Type I] districts, other than those in cities of the first class, the members of the board shall be appointed between April 1 and April 15 and their terms of office shall begin on May 16, next succeeding." The plain and unambiguous language of the statute controls. *See Matter of Sussex County Mun. Utilities Auth.,* 198 *N.J.Super.* 214, 216 (App.Div.1985), certif. den. 101 *N.J.* 267 (1985).

The legislative history of the foregoing statute explains why the legislature chose the period between April 1 and April 15 as the only appropriate time for making the appointments. Prior to 1969, *N.J.S.A.* 18A:12–8 provided that board members were to be appointed between January 2 and January 15, with their terms of office to begin on February 1. In 1969 the legislature changed the February 1 date to March 1. *L.* 1969, *c.* 304, § 1. The sponsor's statement annexed to Senate, No. 355, the amendatory bill, states:

> Under present law governing Type I school districts, the term of a newly-appointed member begins on February 1. The tentative budget for the following school year must be considered by the Board of School Estimate between February 1 and February 15, yet the term of a board of education member serving on the Board of School Estimate can terminate on January 31. The new board member taking office on February 1 would thus be at a considerable disadvantage in being called upon to consider a budget in the preparation of

which he had not participated. This bill would change the effective date of appointment from February 1 to March 1, so that the members of boards of education who have worked on the preparation of a budget may follow that budget through to its final adoption.

In 1979 the statute was again amended to change the date of appointment to the period between April 1 and April 15, and the date of the beginning of the term of office was changed to May 16. *L.* 1979, *c.* 284, § 1. According to the Assembly Education Statement attached to the bill containing this amendment, Senate, No. 1418, one of the purposes of the amendment was to change the date at which boards must hold their annual organization meeting so as to bring that date "into conformity with the schedule of [school] election and budget dates." *N.J.S.A.* 18A:22-7 provides that school budgets must be prepared by the Board of Education by the first Tuesday in March, and *N.J.S.A.* 18A:22-10 requires that a public hearing on the budget be held between that date and March 18.

In *Georgia v. Suruda,* 154 *N.J.Super.* 439 (Law Div.1977), the court considered the purpose underlying the dates set forth in *N.J.S.A.* 18A:12-8 for appointment of Board of Education members in cities of the first class. In such cities, appointments must be made in June, with the term of office to begin on July 1. *N.J.S.A.* 18A:12-8. The court noted that the statute had previously provided that members were to take office on February 1. *Id.* at 451. This date was changed to July 1 because, according to the court, the

legislative history makes it clear that the reason for the amendment of *N.J.S.A.* 18A:12-8 to its present form is to avoid prior situations where new school board members took office February 1, during the critical period of the consideration and passage of a new school budget. [*Ibid*].

This rationale also serves to explain the change in dates of appointment in cities of other than the first class. As noted, the legislature specifically stated that this date change was for the purpose of conforming with the schedule of school budget dates. The design of *N.J.S.A.* 18A:12-8 is to insure that new school board members will not be appointed during the budget consideration process. Thus, the attempted appointment of the

two new board members here in January 1989, directly contravenes the legislative intent.

The Mayor attempts to justify the appointments by arguing that they were not subject to the limitations of *N.J.S.A.* 18A:12–8 by reason of *N.J.S.A.* 18A:12–7. The latter statute provides:

> The boards of education shall be appointed by the mayor or other chief executive officer of the municipality constituting the district. Any vacancy occurring in the membership of the board shall be reported forthwith by the secretary of the board to the mayor or other chief executive officer of the municipality, who shall within 30 days thereafter appoint a qualified person to fill the vacancy for the unexpired term.

The foregoing provision applies only where a vacancy unexpectedly occurs because a board member has left office before the end of his or her term, thereby leaving the board with less than its full complement of members. The fact that the appointment is made to fill out "the unexpired term" unmistakably shows that the statute contemplates vacancies created by death, physical incapacity, resignation or lack of residence of the officeholder. *See N.J.S.A.* 18A:12–3; *Golaine v. Cardinale,* 142 *N.J.Super.* 385, 396 (Law Div.1976), aff'd *o.b.* 163 *N.J.Super.* 453 (App.Div.1978), certif. den. 79 *N.J.* 497 (1979) (A vacancy is created by removal from office for cause or other circumstances which "permanently extinguish the possibility of the officer's continuing capacity or qualification to function."). Thus, *N.J.S.A.* 18A:12–7 provides that such a vacancy "shall be reported forthwith by the secretary of the board to the mayor," who then has 30 days to select a qualified person to serve out the unexpired term. No unexpected vacancy occurs where, as here, the municipality decides to expand the board's membership from five to seven. In such a case the municipality controls the timing of the creation of a new board position and there is no need for the secretary of the board to report the vacancy to the Mayor.

We conclude that the Law Division correctly invalidated the challenged appointments.

■ The Mayor asserts that the Board's suit should have been dismissed because its authorizing resolution was adopted at a closed session of the Board on January 10, 1989, without first adopting a resolution at a public meeting

a. Stating the general nature of the subject to be discussed; and

b. Stating as precisely as possible, the time when and the circumstances under which the discussion conducted in the closed session of the public body can be disclosed to the public. [*N.J.S.A.* 10:4–13. (Open Public Meetings Act)].

Without detailing the tumultuous circumstances which led the Board to follow the procedure which it did, it suffices to say that its departure from the requirements of the Open Public Meetings Act was cured by a resolution which it passed at its public meeting of January 24, 1989, in which its prior resolution was "expressly ratified, reaffirmed and restated." The regularity of the foregoing resolution is not challenged by the Mayor, and we conclude that the issue raised as to the validity of the resolution adopted at the closed session of January 10, 1989, is moot.

Affirmed.