MARION KILGANNON AS ADMINISTRATRIX OF THE ESTATE
OF KATHLEEN P. LUTZ, PLAINTIFF–RESPONDENT, v. ALL-
STATE INSURANCE COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 18, 1990—Decided February 20, 1990.

Before Judges DREIER, SCALERA and WEFING.

*John L. McDermott, Jr.* argued the case for appellant (*McDermott, McGee & Ruprecht* attorneys; *John L. McDermott, Jr.* on the brief).

*Luis R. Sanchez* argued the case for the respondent (*Sanchez, Sanchez & Santoliquido* attorneys; *Carolyn Ungvary* on the brief).

The opinion of the court was delivered by

WEFING, J.S.C. (t/a)

May the sister of a deceased who is killed in an automobile accident recover essential services benefits under the decedent's automobile insurance policy when the surviving sister resided in a separate household from that of the deceased? The trial judge who heard this matter on cross-motions for summary judgment concluded that she could and granted summary judgment to her. We have concluded that the surviving sister is not entitled to such essential service benefits and reverse.

The issue is presented in the following factual context. Kathleen Lutz died on June 14, 1987 in a one car automobile accident in which the car she owned and was driving struck a tree. She died that day. Ms. Lutz lived in Clark, New Jersey and her automobile was insured under a policy issued by defendant Allstate Insurance Company. She was unmarried at her death.

The plaintiff in this action, Marion Kilgannon, is Ms. Lutz's sister; she resides in Westfield, New Jersey and has been appointed administratrix of the estate. Ms. Kilgannon submitted a claim for essential services benefits under Ms. Lutz's automobile insurance policy and in support of that claim submitted an affidavit that she and her sister saw each other every day. Ms. Kilgannon did not know how to drive and Ms. Lutz drove her "everywhere she needed or wanted to go including food shopping, clothes shopping, doctor, appointment, etc." Ms. Lutz helped Ms. Kilgannon with chores around the house, including some painting and took care of Ms. Kilgannon when she was ill. After Ms. Lutz's death, Ms. Kilgannon incurred expenses in learning how to drive and purchasing a car.

Determination of the appeal requires construction of the applicable statutes.[1] *N.J.S.A.* 39:6A–4(c), provides in pertinent part:

> Payment of essential services benefits to an injured person shall be made in reimbursement of necessary and reasonable expenses incurred *for such substitute essential services ordinarily performed by the injured person for himself, his family and members of the family residing in the household* ... (emphasis added)

*N.J.S.A.* 39:6A–4(d) provides in pertinent part

> In the event of the death of one performing essential services as a result of injuries sustained in an accident entitling such person to benefits under subsection (c) of this section, the maximum amount of benefits which could have been paid such person, under subsection (c), shall be paid to the person incurring the expense of providing such essential services.

Ms. Kilgannon argues that she, as a sister of the decedent, is entitled to those essential services benefits. Neither the statute nor the insurance policy under which the claim has been brought contains a definition of the term "family."

We are called upon to determine the distinction which the legislature sought to draw between "his family" and "members of the family residing in the household," keeping in mind that our goal in this process is to ascertain and to effectuate the intention of the legislature. *State v. Grant,* 196 *N.J.Super.* 470, 483 *A.*2d 411 (App.Div.1984). We are satisfied that the legislature must have intended a distinction, for the language selected by the legislature must not, if it can be avoided, be found to be inoperative, superfluous or meaningless. *Matter of Sussex County Mun. Utilities Authority,* 198 *N.J.Super.* 214, 486 *A.*2d 932 (App.Div.1985), certif. den. 101 *N.J.* 267, 501 *A.*2d 934 (1985); *Marley v. Borough of Palmyra,* 193 *N.J.Super.* 271, 473 *A.*2d 554 (Law Div.1983).

---

[1] Although the statutory provisions control, the terms of the policy under which the claim is brought may also be consulted, *General Accident Group v. Shimp,* 147 *N.J.Super.* 404, 407, 371 *A.*2d 358 (Law Div.1977), for an insurer is bound by the terms of its contract if the coverage provided is more extensive than required by the statute. *Capelli v. Twin City Fire Ins. Co.,* 209 *N.J.Super.* 552, 555, 508 *A.*2d 269 (App.Div.1986). Here, the policy language does not bear on the question presented.

In our attempt to determine the legislature's intent, we have reviewed the statute's legislative history. That review has proven fruitless, however, for it contains nothing which would shed any light on the distinction the legislature sought to draw.

Although the legislative history is itself barren of any indication of what the legislature intended when it adopted this usage, we have noted that shortly after passage of the original statute in June 1972, there was a December 1972 amendment of the section dealing with payment of essential services benefits if the person performing the essential services died as a result of a covered collision. Comparing the statute as originally passed with its amended form shows a significant distinction. In its original format, *N.J.S.A.* 39:6A–4(d) read, in pertinent part:

> In the event of the death of ... one performing essential services as a result of injuries sustained in an automobile accident, the benefits that would have been paid to the injured person but for his death under section ... C (essential services) shall be paid to the surviving spouse dependent upon the deceased for such ... essential services, or in the event there is no dependent surviving spouse, then to the surviving children dependent upon the deceased for such ... essential services.

The December amendment removed the references to a surviving spouse and surviving children for the legislature recognized that essential services benefits could be payable under *N.J.S.A.* 39:6A–4(c) to individuals other than a surviving spouse or children.

We are satisfied that the language used by the legislature in *N.J.S.A.* 39:6A–4(c) reflects the distinction between an insured's immediate family and an insured's extended family. We construe the term "family" to mean immediate family and interpret that to encompass the insured's spouse, children and parents; those are the individuals who would most reasonably be expected to receive "essential services" from an insured. They would be entitled to payment of the essential services benefits following the injury or death of an insured whether they resided with the insured or elsewhere. We construe the term "members of the family residing in the household" to

refer to the insured's extended family, that is, brothers, sisters, cousins, grandparents, grandchildren and so on. Individuals who have that relationship with a named insured who is injured or dies in a covered accident, would be entitled to essential services benefits only if they resided with the named insured and were part of his household. Since plaintiff did not reside in her sister's household, she is not entitled to essential services benefits under her sister's automobile insurance policy.

Reversed and remanded for entry of judgment in favor of defendant.