649 A.2d 892

STATE OF NEW JERSEY, APPELLANT–CROSS RESPONDENT, v. RICHARD PORTUONDO, RESPONDENT–CROSS APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 4, 1994—Decided November 30, 1994.

Before Judges BRODY, LONG and LEVY.

*Clifford J. Minor,* Essex County Prosecutor, attorney for appellant-cross respondent (*Raymond W. Hoffman,* Assistant Prosecutor, of counsel and on the briefs).

*Susan L. Reisner,* Public Defender, attorney for respondent-cross appellant (*Robert L. Sloan,* Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

LONG, J.A.D.

Ricardo Portuondo and his co-defendant, James Shaw, were charged, under Essex County Indictment Number 1215-3-92, with

third degree conspiracy in violation of *N.J.S.A.* 2C:5–2 (count one); third degree theft by receiving stolen property in violation of *N.J.S.A.* 2C:20–7 (counts two, three, four, five and six); third degree possession of a motor vehicle with an altered identification number in violation of *N.J.S.A.* 2C:17–6 (count seven); and third degree trafficking in stolen property, in violation of *N.J.S.A.* 2C:20–7.1 (count eight). A jury trial followed at which counts three and five were dismissed. Defendant was found not guilty on count one but convicted on the remaining charges. The co-defendant was convicted on one count of receiving stolen property. (count two).

The trial judge sentenced defendant on each conviction to a concurrent four year probationary term contingent on service of one hundred days in the county jail. An appropriate Violent Crimes Compensation Board penalty was also imposed.

At sentencing, the trial judge also ruled on a reserved motion defendant had filed at the end of the State's case to dismiss count eight (fencing) because the fencing statute contains neither a penalty provision nor language to suggest that the general penalty provision for theft (*N.J.S.A.* 2C:20–2b) is applicable.

In granting defendant's motion, the judge relied on the legislative failure to specifically incorporate the penalty provisions of *N.J.S.A.* 2C:20–2b into the fencing statute. In a supplemental opinion, the judge recognized that the legislature, in enacting *N.J.S.A.* 2C:20–7.1, "intended" the statute to have both criminal and civil impact. He concluded however, that the statute has no penalty provision and the "failure to designate fencing to be a form of theft renders *N.J.S.A.* 2C:20–2, which establishes the grades for theft offenses, inapplicable to it." The State appeals, contending that:

THE TRIAL COURT ERRED WHEN IT HELD THAT *N.J.S.A.* 2C:20–7.1 DOES NOT OPERATE AS A CRIMINAL STATUTE.

Defendant cross-appeals: [1]

*POINT I:*

THE TRIAL JUDGE CORRECTLY GRANTED DEFENDANT'S MOTION FOR JUDGMENT N.O.V. AS TO HIS CONVICTION FOR FENCING BECAUSE *N.J.S.A.* 2C:20–7.1, WHICH CONTAINS NO PENALTY PROVISION, MAY NOT BE REGARDED AS A CRIMINAL STATUTE.

*POINT II:*

THE JURY INSTRUCTION THAT THE REQUISITE MENTAL STATE FOR DEALING IN STOLEN PROPERTY UNDER *N.J.S.A.* 2C:20–7.1b WAS KNOWING RATHER THAN PURPOSEFUL AND THE OMISSION OF AN INSTRUCTION THAT DEFENDANT MUST KNOW THAT THE PROPERTY WAS STOLEN DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. *U.S. CONST.*AMENDS. V, VI, XIV; *N.J. CONST.* (1947) ART. I, PARS. 1, 9, 10. (Not Raised Below).

*POINT III:*

THE JUDGE'S FAILURE TO INSTRUCT THE JURORS CONCERNING ALL ELEMENTS OF *N.J.S.A.* 2C:17–6b DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. *U.S. CONST.* AMENDS. V, VI, XIV; *N.J. CONST.*AMENDS. V, VI, XIV; *N.J. CONST.* (1947). ART. I, PARS. 1, 9, 10.

*POINT IV:*

THE OMISSION OF A DEFINITION OF "UNLAWFUL PURPOSE" FROM THE JURY INSTRUCTIONS FOR POSSESSION OF A MOTOR VEHICLE WITH IDENTIFICATION NUMBER REMOVED [*N.J.S.A.* 2C:17–6b] DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. *U.S. CONST.*AMENDS. V, VI, XIV; *N.J. CONST.* (1947) ART. I, PARS. 1, 9, 10. (Not Raised Below).

*POINT V:*

THE RULING THAT DEFENDANT'S TESTIMONY COULD BE IMPEACHED WITH A PRIOR CRIMINAL CONVICTION VIOLATED HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. *U.S. CONST.* AMENDS. V, VI, XIV; *N.J. CONST.* (1947) ART I, PARS. 1, 9, 10.

*POINT VI:*

SINCE THE STATE DID NOT PROVE THAT DEFENDANT RECEIVED STOLEN GOODS ON SEPARATE OCCASIONS, ONLY ONE CONVICTION AND SENTENCE UNDER *N.J.S.A.* 2C:20–7 WAS PERMISSIBLE. *U.S. CONST.*AMENDS. V, XIV; *N.J. CONST.* (1947) ART. I, PARS. 1, 11. (Not Raised Below).

*POINT VII:*

---

[1] Although these appeals were filed separately and then consolidated, this court has chosen to treat them as cross-appeals.

BECAUSE THE STATE FAILED TO PROVE THAT THE VEHICLE IN COUNT TWO WAS STOLEN, DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AS TO THAT COUNT OF RECEIVING STOLEN PROPERTY SHOULD HAVE BEEN GRANTED. *U.S. CONST.*AMENDS. V, XIV; *N.J. CONST.* (1947) ART. I, PAR. 1.

We turn first to the State's appeal. The fencing statute, *N.J.S.A.* 2C:20–7.1, provides:

a. Possession of altered property. Any dealer in property who knew or should have known that the identifying features such as serial numbers and permanently affixed labels of property in his possession have been removed or altered without the consent of the manufacturer is guilty of possession of altered property. It is a defense to a prosecution under this subsection that a person lawfully possesses the usual indicia of ownership in addition to mere possession.

b. Dealing in stolen property. A person is guilty of dealing in stolen property if he traffics in, or initiates, organizes, plans, finances, directs, manages or supervises trafficking in stolen property.

c. The value of the property involved in the violation of this section shall be determined by the trier of fact. The value of the property involved in the violation of this section may be aggregated in determining the grade of the offense where the acts or conduct constituting a violation were committed pursuant to one scheme or course of conduct, whether from the same person or several persons.

d. It is an affirmative defense to a prosecution under this section that the actor:

(1) Was unaware that the property or service was that of another;

(2) Acted under an honest claim of right to the property or service involved or that he had a right to acquire or dispose of it as he did.

e. In addition to the presumptions contained in *N.J.S.* 2C:20–7b the following presumptions are available in the prosecution for a fencing offense:

(1) Proof of the purchase or sale of property at a price substantially below its fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew that it had been stolen;

(2) Proof of the purchase or sale of property by a dealer in that property, out of the regular course of business, or without the usual indicia of ownership other than mere possession, or the property or the job lot of which it is a part was bought, received, possessed or controlled in broken succession of title, so that it cannot be traced, by appropriate documents, in unbroken succession to the manufacturer, in all cases where the regular course of business reasonably indicates records of purchase, transfer or sale, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew that it had been stolen; and

(3) Proof that a person buying or selling property of the sort received obtained such property without having ascertained by reasonable inquiry that the person from whom he obtained it had a legal right to possess or control it gives rise to an inference that such person knew that it had been stolen.

In addition, *N.J.S.A.* 2C:20–20 provides a civil remedy which can be pursued by persons damaged by a fencing offense and *N.J.S.A.* 2C:20–21 allows the Attorney General and/or an aggrieved person to sue for injunctive and other civil forms of relief.

Defendant's argument is that *N.J.S.A.* 2C:20–7.1 is not a criminal statute at all but is merely the underpinning for the civil remedies provisions. This argument hinges on the absence of a specific criminal penalty in *N.J.S.A.* 2C:20–7.1 or some other provision to tie it into the penalty scheme provided for theft offenses in *N.J.S.A.* 2C:20–2b. In addition, defendant contends that because *N.J.S.A.* 2C:20–2a refers only to "conduct denominated theft in this chapter," the failure of the Legislature to specifically denominate fencing as theft in *N.J.S.A.* 2C:20–7.1 precludes the application of the former to the latter. We disagree.

First, the "conduct denominated theft in this chapter" language appears in section a of *N.J.S.A.* 2C:20–2 which governs consolidation of theft offenses, not in section b, the grading provision. More importantly, *N.J.S.A.* 2C:20–7.1 specifically provides for the grading of fencing offenses by aggregating the value of the property at issue. This grading can only refer to *N.J.S.A.* 2C:20–2b which provides the penalty scheme for theft offenses:

b. Grading of theft offenses.

(1) Theft constitutes a crime of the second degree if:

(a) The amount involved is $75,000.00 or more.

(b) The property is taken by extortion;

(c) The property stolen is a controlled dangerous substance or controlled substance analog as defined in *N.J.S.* 2C:35–2 and the quantity is in excess of one kilogram; or

(d) The property stolen is a person's benefits under federal or State law, or from any other source, which the Department of Human Services or an agency acting on its behalf has budgeted for the person's health care and the amount involved is $75,000 or more.

(2) Theft constitutes a crime of the third degree if:

(a) The amount involved exceeds $500.00 but is less than $75,000.00;

(b) The property stolen is a firearm, motor vehicle, vessel, boat, horse or airplane;

(c) The property stolen is a controlled dangerous substance or controlled substance analog as defined in *N.J.S.* 2C:35–2 and the amount involved is less than $75,000.00 or is undetermined and the quantity is one kilogram or less;

(d) It is from the person of the victim;

(e) It is in breach of an obligation by a person in his capacity as a fiduciary;

(f) It is by threat not amounting to extortion;

(g) It is of a public record, writing or instrument kept, filed or deposited according to law with or in the keeping of any public office or public servant; or

(h) The property stolen is a person's benefits under federal or State law, or from any other source, which the Department of Human Services or an agency acting on its behalf has budgeted for the person's health care and the amount involved is less than $75,000.

(3) Theft constitutes a crime of the fourth degree if the amount involved is at least $200.00 but does not exceed $500.00. If the amount involved was less than $200.00 the offense constitutes a disorderly persons offense.

(4) The amount involved in a theft shall be determined by the trier of fact. The amount shall include but shall not be limited to, the amount of any State tax avoided, evaded or otherwise unpaid, improperly retained or disposed of. Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

█ The grading aspect of *N.J.S.A.* 2C:20–7.1 is the link between the two statutes which allows the theft penalty provisions to be applied to fencing. To credit defendant's claim that *N.J.S.A.* 2C:20–7.1 is merely the underpinning for the civil remedy statutes, would render the grading language in that statute meaningless. Such a construction should not be reached by a court unless it is unavoidable. *In re Sussex County Mun. Util. Auth.,* 198 *N.J.Super.* 214, 486 *A.*2d 932 (App.Div.), *certif. denied,* 101 *N.J.* 267, 501 *A.*2d 934 (1985); *Foy v. Dayko,* 82 *N.J.Super.* 8, 196 *A.*2d 535 (App.Div.), *certif. denied,* 41 *N.J.* 602, 198 *A.*2d 446 (1964).

Here, it is not unavoidable because the language used by the Legislature in *N.J.S.A.* 2C:20–7.1 provides a firm basis for concluding that statute was intended as a criminal law with penalties provided in *N.J.S.A.* 2C:20–2b. Indeed many of the words utilized by the legislature in *N.J.S.A.* 2C:20–7.1 are criminal law terms of art. For example, section a of *N.J.S.A.* 2C:20–7.1 denominates who is "guilty" of possession of altered property. Section c similarly delineates fencing as an "offense." Likewise, section e of

the statute lists the presumptions applicable in a "prosecution" for a fencing "offense." Guilt is the quality which "imparts criminality to a motive or act, and renders the person amenable to punishment by the law." *Black's Law Dictionary* 708 (6th ed. 1990). The use of this term interfaces with the statutory definition of offense as "a crime, a disorderly persons offense or a petty disorderly persons offense." *N.J.S.A.* 2C:1–14k. Not comprehended within that definition are violations of municipal ordinances or motor vehicle statutes. *State v. Schreiber,* 122 *N.J.* 579, 585 *A.*2d 945 (1991); *State v. Hammond,* 118 *N.J.* 306, 571 *A.*2d 942 (1990).

*Black's* also describes a "prosecution" as a "proceeding instituted and carried on by due course of law ... for the purpose of determining the guilt or innocence of a person charged with crime." *Black's Law Dictionary* 1221 (6th ed. 1990). The plain meaning of these terms supports the conclusion that the Legislature intended to enact not just a civil statute but a criminal law when it passed *N.J.S.A.* 2C:20–7.1. *E.g., Renz v. Penn Cent. Corp.* 87 *N.J.* 437, 440, 435 *A.*2d 540 (1981) ("[S]tatutory language should be given its ordinary meaning absent specific intent to the contrary."); *Newark Division of Pub. Welfare v. Ragin,* 197 *N.J.Super.* 225, 232, 484 *A.*2d 716 (App.Div.1984) ("Words in a statute must be accorded their plain meaning.").

That this is so is reinforced by the legislative history of the statute. *Exxon Corp. v. Hunt,* 97 *N.J.* 526, 535, 481 *A.*2d 271 (1984) ("Reference to legislative history is appropriate not only where the statutory language is ambiguous but also where a literal interpretation would thwart the overall statutory scheme."), *cert. denied,* —— *U.S.* ——, 114 *S.Ct.* 545, 126 *L.Ed.*2d 447 (1993); *Quaglietta v. Borough of Haledon,* 182 *N.J.Super.* 136, 440 *A.*2d 82 (Law Div.1981) (in construing a statute, a court may look to legislative history to determine the purpose of the legislature). The fencing statute was part of a wholesale revision of the Code of Criminal Justice enacted in response to the 1978 Report of the Task Force on Organized Crime, a joint effort of the Division of

Criminal Justice and the County Prosecutor's Office. The report identified fencing as a major component of the "criminal economic system" and recommended new legislation "aimed at creating a unified system of societal responses, which includes both criminal penalties and civil remedies." According to the Task Force report, the Model Theft and Fencing Act, "provides a rational starting point" for the proposed revision. G. Robert Blakey & Michael Goldsmith, *Criminal Redistribution of Stolen Property*, 74 *Mich.L.Rev.* 1511 app. at 1620 (1976). The Model Theft and Fencing Act, in fact, incorporates both criminal and civil remedies for fencing.

In response to the Task Force Report, the Legislature enacted *L.* 1981 *c.* 167 of which the fencing statute is a part. Included in accordance with the recommendations of the Task Force and the Model Theft and Fencing Act, are R.I.C.O. type provisions which give law enforcement authorities specific criminal and civil sanctions designed to fight organized crime. The contemporaneous statement of the Assembly Judiciary, Law, Public Safety and Defense Committee appended to A–1079 which ultimately became *L.* 1981 *c.* 167 states:

> Sections 3 through 11 of this bill amend and supplement chapter 20 of Title 2C of the New Jersey Statutes. "Theft and Related Offenses." Theft and related crimes of fencing and receiving stolen property have a significant impact on New Jersey's economy. Figures gathered by the State Police indicate that $175 million worth of property was reported stolen during 1977. In order to provide a penalty equal to the seriousness of the crime, *this bill raises the penalty for theft to a crime of the second degree where the value of the property taken is $75,000.00 or more. Similar penalties are provided for the offenses of fencing or dealing in stolen property. In addition to the enhanced criminal penalties, this bill creates a number of civil remedies* including injunctive relief and treble damages that may be brought against a possessor of stolen property. Section 9 makes clear that a person is liable for damages only if there is a showing that he has violated the criminal provisions (possession of altered property or dealing in stolen property which are set forth in section 5 of the act.)
>
> *With respect to the offense of possession of altered property* it was questioned whether this statute would apply to an innocent shop owner who removes labels for competitive rather than criminal purposes. In order to avoid that result, an affirmative defense has been provided which makes it a defense to prosecution if a person lawfully possesses the usual indicia of ownership in addition to mere

possession. Also, *the grading of this offense has been changed to conform to the amended grading for theft.* (emphasis added).

No plainer statement of legislative intent is imaginable. *See State v. Biegenwald,* 96 *N.J.* 630, 635, 477 *A.*2d 318 (1984) ("Consistent construction of other statutes and statutory provisions *in pari materia* can be indicative of the intended understanding to be accorded the legislation under scrutiny."). We thus reverse the trial judge's order vacating the conviction on count eight and remand the matter to him for sentencing.

As to the cross-appeal, we have carefully reviewed the issues raised by defendant and have determined that our intervention is unwarranted. The trial judge instructed the jury correctly that knowledge and not purpose is the requisite mental state for a conviction under *N.J.S.A.* 2C:20–7.1b. *N.J.S.A.* 2C:2–2c(3). The instruction as to *N.J.S.A.* 2C:17–6b contained all of the elements of that offense. *State v. Davis,* 244 *N.J.Super.* 180, 581 *A.*2d 1333 (App.Div.1990). The omission of the definition of unlawful purpose with respect to the altered vehicle identification numbers cannot have misled the jury in light of its specific finding that defendant was guilty of purposely receiving vehicles knowing they were stolen. The judge's ruling under *State v. Sands,* 76 *N.J.* 127, 386 *A.*2d 378 (1978) was within his discretion and legally unexceptionable. There was evidence which, if believed by the jury, supported the conclusion that defendant engaged in three separate acts of receiving stolen property. Finally, defendant's motion for judgment of acquittal on count two was properly denied because there was evidence to support a finding of guilt beyond a reasonable doubt as to that count. In short, the issues raised by defendant are entirely without merit. *R.* 2:11–3(e)(2). Thus, we affirm as to those issues.

Affirmed in part; reversed and remanded in part.